# United States Tax Court

T.C. Summary Opinion 2025-7

JOHN HENRY BESAW,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 19222-22S.                         Filed July 21, 2025.

————————

John Henry Besaw, pro se.

*Logan M. Westerman*, for respondent.

## SUMMARY OPINION

LEYDEN, *Special Trial Judge*:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

After concessions,[2] the sole remaining issue for decision is whether petitioner is entitled to a deduction for noncash charitable contributions for tax year 2019.

———————————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent concedes that petitioner is not liable for a section 6662(a) accuracy-related penalty for 2019.  On brief petitioner concedes that he was not

*Background*

Some of the facts have been stipulated and are so found. The First Stipulation of Facts consisting of paragraphs 1 through 20 and Exhibits 2-J through 6-J is incorporated herein by this reference.[3] The parties filed additional unagreed Exhibits 1-R, 7-R, 8-R, 9-R, 10-R, 11-R, 12-R, 13-R, 14-R, 15-R, 500-P, and 501-P. The Court admitted into evidence Exhibit 7-R, a copy of petitioner's 2019 Form 1040, U.S. Individual Income Tax Return, filed on April 15, 2020. The Court did not admit the remaining proposed Exhibits into evidence. Petitioner resided in the State of Washington when the Petition was filed.

I.   *Petitioner's 2019 Tax Return*

Petitioner timely filed his 2019 joint federal income tax return with his spouse on April 15, 2020.[4] Petitioner attached to that tax return Schedule A, Itemized Deductions, and claimed a deduction for noncash charitable contributions of $6,760. He included Form 8283, Noncash Charitable Contributions, that identified the donees and included short descriptions of the donations, along with continuation sheets for that form. On the Form 8283 and its attachments petitioner included the names and addresses of the charitable organizations to which he donated the items. However, he did not include dates of the donations or the values of those donated items.

II.   *Examination and Notice of Deficiency*

The Internal Revenue Service (IRS)[5] examined petitioner's 2019 tax return. Petitioner submitted documents to the IRS to substantiate

---

entitled to deduct meal and entertainment expenses, travel expenses, and car and truck expenses on the Schedule C, Profit or Loss From Business, attached to his 2019 tax return.

[3] The Court overruled petitioner's objection to Exhibit 2-J and admitted Exhibit 2-J into evidence. Exhibits 3-J through 6-J were stipulated as being documents submitted by petitioner.

[4] The Notice of Deficiency upon which this case is based was issued to both petitioner and his spouse. However, petitioner's spouse did not file a Petition with the Tax Court to contest that Notice of Deficiency. Accordingly, the Court will address the Notice of Deficiency only with respect to petitioner.

[5] The Court uses the term "IRS" to refer to administrative actions taken outside of these proceedings. The Court uses the term "respondent" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to refer to actions taken in connection with this case.

his claimed noncash charitable contribution deduction, including receipts from donee organizations, dated and signed by employees of the donee organizations. The sections on these receipts to identify the goods donated and their values were blank. Petitioner also submitted noncontemporaneous documents that he titled "2019 Reconstructed from Form 8283 and Continuation Sheet" which identified donee organizations, dates of donations, descriptions of donated items, and "cost/current value" of donated items. On the basis of these noncontemporaneous documents petitioner asserts he is entitled to claim a charitable contribution deduction consisting of some individual donations that he valued at $250 or more as well as some charitable contributions of property that he valued at more than $500.

The IRS subsequently issued to petitioner a Notice of Deficiency for tax year 2019 dated August 10, 2022. The Notice of Deficiency determined a deficiency of $2,626 and a section 6662(a) penalty of $525. With respect to the remaining issue in the case, the Notice of Deficiency informed petitioner that the IRS had examined his 2019 federal income tax return and disallowed the deduction for his Schedule A noncash charitable contributions of $6,760.[6] The IRS's explanation for these changes was that petitioner did not meet the substantiation requirements to establish his entitlement to the above-referenced deduction. Specifically, the explanation stated:

> To be allowed a deduction for property as a contribution, you must show (a) the name and address of the qualifying organization(s), (b) provide a list of what was donated, and (c) show the fair market value of each item on the date of contribution. Since you have not met these requirements, we have adjusted the amount as shown.

*Discussion*

I. *Burden of Proof*

In general, the Commissioner's determination set forth in a Notice of Deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that he or

---

[6] The Notice of Deficiency also included a computational adjustment for Social Security RRB of $1, which changed because of the adjustment to petitioner's gross income.

she is entitled to any deduction claimed. *See* Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). Under section 7491(a), the burden of proof may shift to the Commissioner if the taxpayer produces credible evidence with respect to any relevant factual issue and meets other requirements. Petitioner has not argued or established that section 7491(a) applies, and therefore the burden of proof remains with him.

A taxpayer claiming a deduction on a federal income tax return must demonstrate that the deduction is provided for by statute and must further substantiate that the expense to which the deduction relates has been paid or incurred. I.R.C. § 6001; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976); *Meneguzzo v. Commissioner*, 43 T.C. 824, 831–32 (1965); Treas. Reg. § 1.6001-1(a). A taxpayer is required to maintain records sufficient to enable the Commissioner to determine the correct tax liability. *See* I.R.C. § 6001; Treas. Reg. § 1.6001-1(a). Such records must substantiate both the amount and purpose of the related expense. *Higbee v. Commissioner*, 116 T.C. 438, 440 (2001).

II.      *Noncash Charitable Deduction*

A taxpayer may deduct charitable contributions made during a taxable year. I.R.C. § 170(a)(1). However, deductions for charitable contributions are allowed only if the taxpayer satisfies statutory and regulatory substantiation requirements. *See* I.R.C. § 170(a)(1); Treas. Reg. § 1.170A-13. There may be additional substantiation requirements depending on the type and size of the contribution and on whether the contribution is a gift of cash or property.

Noncash contributions must be evidenced by a receipt from the donee organization. *See* Treas. Reg. § 1.170A-13(b)(1). The receipt must show (1) the name of the donee organization; (2) the date and location of the contribution; and (3) the property description in detail reasonably sufficient under the circumstances. *Id.* A receipt is not required if the contribution is made in circumstances where it is impractical to obtain a receipt. *See id.* The reliability of the records is determined on the basis of all of the relevant facts and circumstances. *See id.* subpara. (2). Treasury Regulation § 1.170A-13(b)(1)(iii) further explains that "[a]lthough the fair market value of the property is one of the circumstances to be taken into account in determining the amount of detail to be included on the receipt, such value need not be stated on the receipt."

If the donation is a small amount, any written or other evidence from the donee charitable organization acknowledging receipt is generally sufficient. *See id.* para. (a)(2)(i)(C). Nevertheless, contributions of $250 or more require contemporaneous donee written acknowledgment containing specified information. *See* I.R.C. § 170(f)(8); Treas. Reg. § 1.170A-13(f). Furthermore, additional information is required to support a deduction exceeding $500 for a charitable contribution of property. Specifically, the taxpayer must also maintain written records establishing (1) the item's manner of acquisition as well as either the item's approximate date of acquisition or the approximate date the property was substantially completed and (2) the cost or other basis, adjusted as provided by section 1016, of property donated by the taxpayer during the taxable year. *See* I.R.C § 170(f)(11)(A)(i), (B); Treas. Reg. § 1.170A-13(b)(3)(i).

Petitioner attached Form 8283 and corresponding continuation sheets to his 2019 tax return documenting his noncash charitable contributions during that year. On that form and its attachments petitioner listed items he says he donated during 2019 with brief descriptions along with the names and addresses of the donee organizations.

In Exhibit 6-J, which includes additional documents petitioner provided to the IRS during the audit of his 2019 tax return, petitioner included receipts from donee organizations, dated and signed by their employees. However, the sections on the receipts to identify the goods donated and their values have all been left blank. In Exhibit 6-J petitioner also includes what he has characterized as "Donations 2019 Reconstructed from Form 8283 and Continuation Sheet" which identifies donee organizations, dates of donations, descriptions of donated items, and cost/current values of donated items. Petitioner prepared this document after he filed his 2019 tax return and sent it to the IRS in 2022. At trial petitioner also testified about some of the items he donated to charitable organizations.

In response to a question at trial about why he did not include the values on the Form 8283 on his 2019 return, petitioner stated that it was his understanding that the elements required by law for noncash charitable contribution deductions were to include the name and address of the donee organization and the description of donated property, not anything about the value of the donated items. He contends that is why he did not include the values of the donated items on his 2019 tax return. Petitioner did not testify, and the Court does not

find that it was impractical to obtain receipts for the donated items that included descriptions of the items donated.

Although the Court believes petitioner donated items to charitable organizations in 2019, the record before the Court shows that petitioner did not satisfy the substantiation requirements of section 170(a)(1) and Treasury Regulation § 1.170A-13. Regardless of whether petitioner met the requirements for deducting charitable contributions of $250 or more, or for deducting charitable contributions of property valued in excess of $500, none of the receipts he provided from the charitable organizations for his donations included any descriptions of the donated items; therefore, petitioner is not entitled to deduct noncash charitable contributions for tax year 2019. *See* I.R.C. § 170; Treas. Reg. § 1.170A-13(b)(1).

III. *Conclusion*

The Court has considered all the parties' arguments, and, to the extent not addressed herein, the Court concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered for respondent as to the deficiency and for petitioner as to the accuracy-related penalty under section 6662(a).*